WESTERN DIS.
October, 1832.

THE STATE
*vs.*
KELLAM.

---

| 4L 495 |
| 45 1354 |

THE STATE *vs.* KELLAM.

The act of February 17th, 1821, prescribing the manner in which clerks of courts may be removed from office, only permits prosecutions to be carried on by private individuals, for malfeasance or misfeasance in the discharge of the duties of their offices.

Cases may occur where, although there may be no breach of official duty, the court on information given, will direct a prosecution by the district attorney. But they must be strong cases; such as render it unsafe to the public that the clerk be allowed to discharge the duties of his office any longer.

At the October term, 1832, of the Supreme Court, sitting at Alexandria, Joseph Friend, a citizen of the parish of Ouachita, presented his petition to the judges at chambers,

preferring charges and accusations against John H. Kellum, Esq., clerk of the district court for said parish.

He represents that J. H. Kellam on the first of April, 1832, "did aid and abet one Jonathan Morgan in the killing of Charles F. Morehouse; that notwithstanding the said homicide, &c., such is the deplorable state of public opinion, and want of energy and decision of the proper authorities, that said J. Morgan has only been indicted for manslaughter, and the said Kellam (with others equally guilty), is suffered to pass with perfect impunity."

"It is the opinion of your petitioner that said J. H. Kellam, clerk as aforesaid, should be brought to account somewhere, &c., and he begs leave to submit this petition, with the accompanying depositions, and prays that such proceedings be had thereon as may be just and proper."

The petitioner annexed a detailed statement in a subjoined affidavit, of the rencontre between Charles F. Morehouse and Jonathan Morgan, which resulted in the death of the former. In this he swears Kellam was in company with Mr. Morgan at the period of the unfortunate occurrence above stated aiding and abetting it.

There was also annexed a copy of some depositions taken before the parish judge, on an accusation in this case against Col. Kellam and others, on account of the affair between Morehouse and Morgan, which resulted in their entire acquittal, &c.

The case was proceeded in by the court at chambers, under the act of February 17th, 1821, "providing for the manner in which clerks may be removed from office."

The following opinion was then read in open court:

PORTER, J., delivered the opinion of the court.

The act of February 17, 1821, which prescribes the manner clerks may be removed from office, only permits prosecutions to be carried on by private individuals for malfeasance or misfeasance in the discharge of the duties of the

The act of February 17, 1821, prescribing the manner in which clerks of courts may be removed from office, only permits prosecutions to be carried on by private individuals for malfeasance or

WESTERN DIS. office. The reason for this restriction is obvious. The facts
October, 1832.
charged in the petition laid before us, relates to matters

ASHCRAFT distinct from and unconnected with official duty. The party
vs.
FLINT. complaining in this case is not, therefore, authorized to
misfeasance in institute or conduct a prosecution. 1 *Moreau's Digest*, 218.
the discharge
of the duties of     Cases may occur, where, although there be not a breach of
their offices.
Cases may official duty, the court on information given, will direct the
occur where papers to be placed before the attorney of the state. But
although there
may be no they must be strong cases. Such as induce a conviction that
breach of offi- the person holding the office has committed acts which render
cial duty, the
court on infor- it unsafe for the public that he should continue to discharge
mation given,
will direct a its duties. We have attentively perused and deliberately
prosecution by
the district at- reflected on the evidence laid before us in this case, and we
torney. But do not think it one which authorizes an interference. The
they must be
strong cases; charge is participation in an affray which ended in the death
such as render
it unsafe to the of a citizen, and for which the grand jury only found a bill
public that the
clerk be allow for manslaughter against the principal.
ed to discharge
the duties of
his office any     It is, therefore, ordered, that the applicant take nothing by
longer. his motion.